UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Whitnee Chatman, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : JUDGE: |
| CTI Collection Services, Inc.; and DOES 1-10, inclusive, | : MAGISTRATE JUDGE: |
| | : |
| Defendants. | : |

# COMPLAINT

For this Complaint, the Plaintiff, Whitnee Chatman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Whitnee Chatman ("Plaintiff"), is an adult individual residing in Reserve, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CTI Collection Services, Inc. ("CTI"), is a Illinois business entity with an address of 3333 West Arthington Street, Chicago, Illinois 60620, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CTI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CTI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $2,500.00 dollars (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CTI for collection, or CTI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **CTI Engages in Harassment and Abusive Tactics**

12. Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. Since approximately November 2011, Defendants have placed calls to Plaintiff's cellular line at a harassing and annoying rate, up to four times per day, in an attempt to collect the Debt.

14. Moreover, Defendants have placed calls as early as 7 a.m. to Plaintiff in an attempt to collect the Debt.

15. Beginning in November 2011, Defendants contacted Plaintiff at her place of employment.

16. During the initial conversation to her workplace, and each conversation thereafter, Plaintiff demanded that all calls to her place of employment cease and advised Defendants that such calls were not allowed by her employer and were interfering with her employer's business.

17. Despite such information being conveyed to Defendants on multiple occasions, Defendants continued to place an excessive amount of calls to Plaintiff at her place of employment during regular business hours in an attempt to collect the Debt.

18. In addition, Defendants repeatedly placed calls to Plaintiff's co-workers and third parties at Plaintiff's place of employment, asking for Plaintiff's salary information and other details regarding Plaintiff's employment.

19. Defendants told Plaintiff during the initial conversation and during many conversations thereafter that they would immediately begin garnishing Plaintiff's wages if she failed to make an immediate payment on the Debt.

20. Defendants had no present legal ability to affect an immediate garnishment without Plaintiff first being provided with a Notice of Intent to Garnish as required by law.

21.     Plaintiff did not make an immediate payment to Defendants, and Defendants never affected a garnishment as threatened.  To date, Plaintiff has not received a Notice of Intent to Garnish her wages.

22.     Defendants' demand of immediate payment from Plaintiff during the initial contact overshadowed Plaintiff's right to dispute the validity of the Debt within 30 days.

23.     Furthermore, Defendants placed multiple calls to Plaintiff's mother's residence, even after Plaintiff's mother demanded they cease calls to her home.

24.     At the times that Defendants contacted Plaintiff's mother, Defendants already had location information for Plaintiff.

25.     On or about the beginning of June 2012, Defendants placed a call to Plaintiff's mother and stated her that they "already spoke with [Plaintiff's] employer to start the next step which is garnishing, if [Plaintiff] doesn't call [Defendants] back."

26.     Defendants failed to send Plaintiff any written correspondence informing Plaintiff of her rights under Federal law, including her right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

27.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

28.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

29.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Case 2:12-cv-01503-LMA-ALC   Document 1   Filed 06/13/12   Page 5 of 9

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

32. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

34. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

35. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

36. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress or abuse the Plaintiff in connection with the collection of a Debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

38. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

39. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

40. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE LOUISIANA FAIR DEBT COLLECTION PRACTICES ACT
## LA. REV. STAT. RS 9:3562, et al.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Plaintiff is a "consumer" as defined by La. Rev. Stat. Ann. § 3516(10).

46. Each Defendant is a "debt collector" as defined by La. Rev. Stat. 9:3534.1(A).

47. The Defendants contacted third parties who are not living, residing, or present in the household of the debtor regarding the debtor's obligation to pay a debt in violation of LA. Rev. Stat. 9:3562.

48. The Plaintiff is entitled to damages pursuant to La. Rev. Stat. 9:3572.12.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51. Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

52. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

53. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

54. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

55. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

57. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

58. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Louisiana.

59. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 13, 2012

        Respectfully submitted,

        By: _ /s/ Kenneth D. McLean_____
        Kenneth D. McLean, Esq. (LSB No. 30190))
        THE McLEAN LAW FIRM, LLC
        P.O. Box 38161
        Germantown, TN 38183-0161
        Telephone: (901) 326-6888
        Facsimile: (901) 531-8102
        Attorneys for Plaintiff

        Of Counsel To:

        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424